

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-25-2008

# Brown v. PA State Dept Health

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4014

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

### Recommended Citation

"Brown v. PA State Dept Health" (2008). *2008 Decisions.* Paper 1323.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1323

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-4014

GARY EDWARD BROWN,
                                                   Appellant

v.

PENNSYLVANIA DEPARTMENT OF HEALTH;
DOYLESTOWN HOSPITAL

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 05-cv-2448)
District Judge:  Honorable Christopher C. Conner

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 22, 2008
Before: SLOVITER, BARRY and GREENBERG, <u>Circuit</u> <u>Judges</u>

(Opinion filed April 25, 2008)

OPINION

PER CURIAM

        Gary Edward Brown appeals from the District Court's order granting summary

judgment in favor of Defendant Doylestown Hospital.[1]  On November 25, 2005, Brown

filed a § 1983 suit against Doylestown Hospital and the Pennsylvania Department of

Health for declarative and injunctive relief alleging that Defendants violated his

Fourteenth Amendment rights and various state and federal laws by facilitating a "gray

market" adoption of him and by failing to provide him with his complete and accurate

medical records in 1993 and 2005.[2]  The District Court found Brown's claims both barred

by Pennsylvania's two-year statute of limitations and unsupported by record evidence.

Brown was born on February 8, 1955, at Doylestown Hospital.  His claims against

the Hospital stem from his belief that Ann and Harold Glenn Brown, the parents who

raised him, are not his biological parents.  Instead, he believes that his great aunt, Ethel

Bittle, and his grandfather, Edward Bailey, are his birth parents.  He bases this belief on a

birthday card and letter he received from Bittle in February 1993.[3]  Relying on what

---

[1]  Brown does not appeal from the District Court's order of June 5, 2006, dismissing
claims against the Pennsylvania Department of Health.  We therefore decline to consider
those claims.

[2]  In addition to his constitutional claim, Brown alleges that Doylestown Hospital
violated 28 Pa. Code § 115.29 by failing to provide true and accurate medical records in
1993 and 2005.  As explained infra, this allegation is unsupported by record evidence.
Brown's additional state and federal law allegations are deemed waived because he failed
to substantively address them in his brief before this Court.  See Mitchell v. Cellone, 389
F.3d 86, 92 (3d Cir. 2004) (where an appellant presents an issue in his statement of issues
raised on appeal, but fails to present the issue in the argument section of his brief, he has
abandoned and waived that issue on appeal.).

[3]  The letter states:

I want to answer your letter more fully, Gary, but not at this writing.  My only
request at this time is for you to think more kindly towards your parents.  They

Brown's wife suggested was an "allusion" to adoption in the letter, Plaintiff questioned Bittle, Ann Brown and Bailey about his suspicions. Bittle responded by sending Brown his hospital-issued birth certificate and family history, which identifies Ann and Harold Glenn Brown as his biological parents. (Compl. ¶¶ 6-7.) Bailey responded to Brown's questioning by asking, "What is your need to know?"

In May of 1993, Brown contacted the Bucks County Historical Society and obtained the birth announcements published in the local newspaper in February 1955. Brown acknowledges that there was a birth announcement referencing a son born to Mr. and Mrs. Glenn Brown; nonetheless, he questions the lack of a hospital admission announcement for Ann Brown. Also, in 1993, Brown requested a copy of his birth records from Doylestown Hospital. The record clerk allegedly told Brown that his birth records contained only the hospital-issued birth certificate.

Ethel Bittle died in April of 2004. In all written correspondence to Brown prior to her death, Bittle recognized Brown only as her nephew, and never stated that he was her son. Brown alleges that shortly before her death in April 2004, Bittle told him that he was her son. That same year, Brown retained an attorney in an effort to investigate his alleged adoption. However, the Bucks County Court had no record of an adoption that

---

have endured much – more than they will ever reveal and I don't think I am at liberty to write anything they do not wish to have discussed or "aired" until I talk with them.

(See Dist. Ct. Docket No. #54, Brief in Support of Motion for Summary Judgment, Exh. D.)

would confirm Brown's suspicions.  In 2005, Brown requested his records from

Doylestown Hospital.  On February 11, 2005, Brown was permitted to review and copy

his medical records, embedded in Ann Brown's records, at no charge.  Brown was

informed that certain other records were maintained in a different facility, and that the

custodian of those records was not presently available.

The threshold issue in this case is whether Brown's claims are barred by

Pennsylvania's two-year statute of limitations, 42 Pa. Cons. Stat. Ann. § 5524(7).[4]  See

Owens v. Okure, 488 U.S. 235, 249-50 (1989) (civil rights and constitutional tort claims

are subject to the same statute of limitations as state personal injury actions); Garvin v.

City of Phila., 354 F.3d 215, 220 (3d Cir. 2003) (same).  Although the same principles

guide our analysis and we reach the same conclusion as the District Court, we note that

federal law, rather than state law, governs when a § 1983 cause of action accrues.  See,

e.g., Genty v. Resolution Trust Corp., 937 F.2d 899, 919 (3d Cir. 1991).  A § 1983 cause

of action accrues when the plaintiff knew or should have known of the injury upon which

its action is based.  Id.; see also  Sameric Corp. of Del., Inc. v. City of Phila., 142 F.3d

582, 599 (3d Cir. 1998).

We agree with the District Court that the statute of limitations began to run in May

_____

[4]  In general, the limitations period will begin to run when the cause of action accrues, i.e., the date on which the injury is sustained.  Pounds v. Lehman, 558 A.2d 872, 873 (Pa. Super. Ct. 1989).  Here, that date would be February 8, 1955, Brown's birthday and the day the alleged "gray market adoption" took place.  However, the District Court found that, under Pennsylvania's "discovery rule," an exception applies where an injured person neither knows nor reasonably should have known of his injury.   Fine v. Checcio, 870 A.2d 850, 858 (Pa. 2005).

4

1993 because, at that time, Brown "possessed sufficient facts about the [alleged] harm done to him that *reasonable inquiry* would reveal his cause of action."  Lekas v. United Airlines, Inc., 282 F.3d 296, 300 (4th Cir. 2002) (emphasis in original) (citing United States v. Kubrick, 444 U.S. 111, 117 (1979); accord Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 955 (4th Cir. 1995) (applying the same definition to limitations period for bringing action under 42 U.S.C. § 1983)).

As the District Court explained, by May 1993, or at least shortly thereafter, Brown was no longer "reasonably unaware" of his alleged injury.  His suspicion that he was adopted was aroused by Bittle's letter and confirmed by his grandfather's response to his query on the subject.  Indeed, in his brief to this Court, Brown argues that "any reasonable person would take [Bailey's response to his 1993 query, 'What is your need to know,'] in the affirmative [that he was adopted]."  After investigating and obtaining information that Brown now alleges confirmed his belief that he was adopted, he dropped the matter for eleven years.  It was not until 2004 that Brown retained an attorney to petition the Bucks County Orphans Court to open his alleged adoption file.

Because Brown believed he had been adopted by May 1993, the discovery rule is inapplicable beyond that time and, therefore, his claims associated with the "gray market" adoption and alleged fabrication of his birth records are barred by the statute of limitations.  Despite Brown's arguments to the contrary, his Fourteenth Amendment claim that Doylestown Hospital failed to provide him with complete and accurate records upon his request in 1993 and claims stemming from the alleged "gray market" adoption

5

are not subject to tolling on equitable grounds or because of fraudulent concealment and are thus plainly barred.

Even if Brown's claims are not time-barred, they cannot survive Defendant's motion for summary judgment. Construing the evidence in favor of Brown, there is no support for Brown's allegation that a "gray market" adoption took place. First, there is no evidence to suggest that the medical records he reviewed in 1993 were inaccurate. At Brown's request, the Browns twice submitted to DNA testing, at two different laboratories. The results of both tests confirmed that the Browns are Gary Brown's parents by a 99.9% probability. Brown contends that the tests are corrupted; however, Brown provides no evidence to support that theory. Indeed, the remaining record evidence supports the tests' accuracy. In addition to the DNA evidence, Ann and Harold Brown provided affidavits attesting to their blood types, that they are Brown's parents and that he was not adopted. Brown submits no evidence to refute their affidavits but instead baldly asserts that Ann Brown used false thumb prints during the DNA test and incorrectly argues that their affidavits are inadmissible because they were not subject to cross examination. As the District Court observed, Brown's "unsupported speculation" that Ann Brown did not give birth to him and that Bittle and Bailey are his biological parents does not create a genuine issue of material fact. As such, Brown has failed to provide evidence that would allow a reasonable jury to conclude that Doylestown Hospital facilitated his alleged "gray market adoption."

Brown's Fourteenth Amendment claim against Doylestown Hospital for the

6

alleged failure to provide him with complete and accurate medical records in 1993 likewise fails on the merits. As the District Court correctly determined, the clerk's alleged mistake regarding Brown's birth records does not "shock the conscience," and therefore is insufficient to state a substantive due process claim. See United Artists Theatre Circuit, Inc. v. Twp. of Warrington, 316 F.3d 392, 402 (3d Cir. 2003) (citation omitted). Nor is there evidence in the record to support an equal protection claim pursuant to a "class of one" theory. The record does not reflect, nor does Brown allege, that Brown was "treated differently from others similarly situated," or that the record clerk's actions were intentional. See Vill. of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); Hill v. Kutztown, 455 F.3d 225, 239 (3d Cir. 2006).

Although Brown's claim that Doylestown Hospital failed to provide him with complete and accurate medical records in 2005 was filed within the limitations period, it also fails on the merits because it is unsupported by record evidence. On February 11, 2005, Brown was permitted to review and copy his medical records at no cost. Plaintiff was informed that other records were located at a different facility, whose custodian was not then available. Brown does not dispute that he made no effort to follow-up with the custodian or retrieve the records from the other facility and thus cannot maintain a claim against Doylestown Hospital for failure to provide him with his records. In addition, Brown's speculation that the medical records he reviewed are not accurate, based on his belief that Ann and Harold Glenn Brown are not his biological parents, is also wholly unsupported by the record. As previously noted, the record contains undisputed DNA

7

evidence that identifies Ann and Harold Glenn Brown as Brown's biological parents. Accordingly, the District Court properly rejected all of Brown's claims with regard to attempts to access his medical records in 2005.

For the foregoing reasons we will affirm the District Court's order granting summary judgment in favor of Defendant Doylestown Hospital.[5]

---

[5] Brown also appeals from the District Court's denial of a pair of motions to compel discovery of interrogatories and for production of records. We are satisfied that the District Court properly resolved these motions for the reasons stated in the challenged orders.